(No. 86-CC-0892–)

BRISTOL STEEL CORPORATION, Claimant, *v.*
THE STATE OF ILLINOIS, Respondent.

*Opinion filed November 13, 1990.*

*Order filed June 29, 1993.*

MCDERMOTT, WILL & EMERY (JOHN R. DOYLE, P.C., of counsel), for Claimant.

NEIL F. HARTIGAN and ROLAND W. BURRIS, Attorneys General (ERIN O'CONNELL and ROBERT J. SKLAMBERG, Assistant Attorneys General, of counsel), for Respondent.

## OPINION

RAUCCI, J.

This cause comes before us on cross-motions for summary judgment directed to Counts II and III of the complaint. We have considered the briefs and oral arguments of the parties. During oral argument, both parties stipulated that there were no contested material facts and that disposition by summary judgment was appropriate.

In April of 1979, the Claimant (then known as Mississippi Valley Structural Steel Company) entered into a contract with the Respondent's Illinois Department of Transportation (hereinafter IDOT) for the provision and fabrication of a metal bridge over the Illinois River in Pekin, Illinois. The contract price was $26,872,518. The contract provided that the bridge was to be completed within 300 working days.

The bridge was completed after 381 working days, with IDOT assessing 71 of the additional days as being the fault of the Claimant. Pursuant to a liquidated damages provision of the contract, IDOT assessed 71 days at $4,200 per day, for a total of $298,200 against Claimant.

Claimant has filed a three-count complaint. Count I, which is not involved in the instant motions, asserts that Bethlehem Steel Corporation supplied defective materials (and behind schedule) that resulted in a 39-working-day delay and an additional "57 day delay" in fabrication which resulted in a delay of the same time in completion of the bridge. Consequently, Claimant claims the $298,200.

Count II asserts that IDOT is entitled to liquidated

damages "only to recover any increase in engineering and supervision costs" as a result of the delay, and that the $298,200 withheld is not for such costs.

Count III asserts that the liquidated damages provision is a penalty and not enforceable.

A liquidated damages provision is not enforceable unless:

1. the amount so fixed is a reasonable forecast of just compensation for the harm that is caused by the breach, and

2. the harm is incapable or very difficult of accurate estimation.

See *Bauer v. Sawyer* (1956), 8 Ill. 2d 351, 359, 134 N.E.2d 329, 333.

The affidavit of Russell H. Baker, chief accountant for IDOT's bureau of construction in the division of highways states that IDOT "had no way of projecting the additional engineering/supervisory costs" of delay.

The affidavit additionally sets forth the result of Baker's review of IDOT's records relating to the relationship of engineering/supervisory costs to total highway construction by contract costs. He states:

"The average percentage of engineering/supervisory costs of construction contracts in excess of $500,000 for the calendar years 1979 through 1982 is 4.61%."

The Baker affidavit further establishes the per day cost of the 300-day contract at $89,575 ($26,872,518 ÷ 300).

A per day charge of $4,200 is 4.69% of $89,575. We conclude that $4,200 per day is a reasonable forecast of just compensation for the harm caused by the breach.

We further conclude that the harm is incapable or very difficult of accurate estimation.

Baker's assertions on the above matters are unrefuted.

The Claimant's motion for summary judgment should be denied. The Respondent's cross-motion for summary judgment should be granted.

Nothing in this opinion should be construed as reflecting upon the allegations of Count I.

It is therefore ordered that

1. Claimant's Motion for summary judgment is denied.

2. Respondent's cross-motion for summary judgment is granted, and Counts II and III are dismissed.

3. This cause is remanded to the commissioner for further proceedings on Count I.

## ORDER

JANN, J.

This matter is before the Court upon the joint stipulation of the parties. This claim is founded upon a contract and is before us pursuant to section 8(b) of the Court of Claims Act. Ill. Rev. Stat. 1987, ch. 37, par. 439.8(b).

The Court finds that in April of 1979, the Claimant (then known as Mississippi Valley Structural Steel Company) entered into a contract with the Respondent Illinois Department of Transportation (hereinafter IDOT)

for the provision and fabrication of a metal bridge over the Illinois River in Pekin, Illinois. The contract price was $26,872,518. The contract provided that the bridge was to be completed within 300 working days.

The Court further finds that the bridge was completed after 381 working days, with IDOT assessing 71 of the additional days as being the fault of the Claimant. Pursuant to a liquidated damages provision of the contract, IDOT assessed 71 days at $4,200 per day, for a total of $298,200 against Claimant.

We note that the parties hereto have agreed to a settlement of this claim, and that Respondent, State of Illinois, has agreed to the entry of an award in favor of Claimant Bristol Steel and Iron Works, Inc., in the amount of $65,604. Sufficient road fund (011) money was available to cover the settlement.

Based on the foregoing the Court hereby approves the settlement and the Claimant Bristol Steel and Iron Works, Inc., is hereby awarded the sum of $65,604, in full and final satisfaction of the claim herein.